UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JAMES MELTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 4:11-CV-46-TLS |
| TIPPECANOE COUNTY, | ) ) ) | |
| Defendant | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff James Melton's Motion to Amend Findings and Motion to Correct Errors [ECF No. 45] filed on April 21, 2014. The Defendant, Tippecanoe County, filed its Response [ECF No. 46] on May 1, 2014. The Plaintiff's Reply [ECF No. 47] was filed May 12, 2014.

On March 24, 2014, the Court entered an Opinion and Order [ECF No. 43] granting in part Defendant's Motion for Summary Judgment [ECF No. 31] with respect to the Plaintiff's federal wage claim and remanding the Plaintiff's Indiana Wage Claim to Tippecanoe County Court, Indiana. The Plaintiff has filed the instant motion pursuant to Federal Rule of Civil Procedure 59(e) and asks the Court to reverse its previous ruling and reinstate the Plaintiff's federal wage claim.

**BACKGROUND**

The Plaintiff worked as a field technician in the office of the Tippecanoe County Surveyor from July 2009 until he was terminated in September 2010. Following his termination, the Plaintiff filed a complaint against his former employer alleging that he was improperly

1

compensated in violation of both the Indiana Wage Claim Statute and the Fair Labor Standards Act (FLSA). The Defendant subsequently moved for summary judgment on all counts. After citing the elements necessary under the FLSA, the Defendant argued that it was entitled to summary judgment because the Plaintiff had been paid for all the time he certified and because the Plaintiff's memory and attempts to recreate his schedule were unreliable. As noted in the Court's previous Opinion and Order [ECF No. 43], the Plaintiff did not believe it was necessary to provide details and the evidentiary support regarding the hours he worked. Rather than respond to the Defendant's designated evidence and accusation that the Plaintiff's memory with respect to the hours he has claimed in discovery responses for this litigation is unreliable, the Plaintiff chose not to address "this premature argument," asserting that it is a credibility issue that should be decided at trial. (Pl.'s Mem. 7 n.2, ECF No. 38.)

The Defendant argued that the only time the Plaintiff claimed he worked but was not paid for was the roughly 20 minutes at the beginning of each workday where the Plaintiff would arrive early to collect field maps and equipment that the crew needed at a worksite. The Plaintiff's recorded time, for which he was paid, was 37.5 hours. The Defendant argued that even if the Plaintiff did arrive at work 20 minutes early every day, working 39.2 hours in a week, he still would not have worked enough hours to bring a claim under the FLSA. "In an action under the FLSA for overtime wages, the plaintiff must establish a *prima facie* case by showing that he or she worked in excess of forty hours in a work-week." *Adkins v. Mid-Am. Growers, Inc.*, 831 F. Supp. 642, 644 (N.D. Ill. 1993) (citing 29 U.S.C. § 207). This Court found that the only reasonably contestable issue created by the Plaintiff's evidence was whether the Plaintiff worked 37.5 hours or 39.2 hours in a week. Thus, because the Plaintiff had not produced evidence by which a reasonable jury could conclude he worked in excess of forty hours, the Court granted in

part the Defendant's Motion for Summary Judgment and remanded the state claim back to the state court.

**STANDARD OF REVIEW**

A court may grant a motion under Rule 52(b) or 59(e) to correct a manifest error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542 (7th Cir. 2006); *Evans, Inc. v. Tiffany & Co.*, 416 F. Supp. 224 (N.D. Ill. 1976). Neither motion can be used to relitigate previously settled matters. Nor are these motions to be used to present evidence or case theories that could and should have been presented to the court prior to the judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872 (7th Cir. 1996). The Plaintiff is arguing that the reliance on an issue not mentioned until the Defendant's reply in granting summary judgment is a manifest error of law that must be corrected.

Generally, if a moving party does not raise an issue in support of its motion for summary judgment the non-movant is not required to present evidence on that point and the court should not rely on that point when making its decision. *Sublett v. John Wiley & Sons, Inc.*, 463 F. 3d 731 (7th Cir. 2006) (citing *Edwards v. Honeywell*, 960 F.2d 673,674 (7th Cir. 1992)).

**DISCUSSION**

In the Plaintiff's Motion to Reconsider, he argues that the Court improperly and unfairly relied on an argument first raised by the Defendant in reply, without giving the Plaintiff the opportunity to respond, and that it was error for the Court to grant summary judgment. The Plaintiff asserts that because the Defendant never argued that the Plaintiff could not meet the forty-hour workweek requirement in the original motion, he was never given notice that he

3

would have to establish that he worked more than forty hours in a workweek. The Plaintiff argues that had he been given notice, he would have put forth evidence regarding the number of hours he worked. Furthermore, he argues that because he was not given notice of the need to present evidence that he worked more than forty hours in a workweek, it was improper for the Court to grant summary judgment, and that this Court's decision should be reversed in its entirety.

In Response, the Defendant argues that its brief in the original Motion for Summary Judgment cited to the statutory requirements and put forth evidence that the Plaintiff was paid for all the hours he worked. Therefore, the Defendant asserts that the Plaintiff's claimed hours were at issue and that the Plaintiff was not entitled to rest on his allegations but was required to show that he worked overtime hours for which he was not properly compensated under the FLSA. The Defendant asks the Court to deny the instant motion because it is not proper for the Plaintiff to use a motion to alter or amend a judgment to advance arguments or theories that should have been made before the Court rendered its ruling.

For a grant of summary judgment to be fair, each party must have an opportunity to present its full argument on an issue. It is improper for a district court to rely on an issue raised for the first time in the movant's reply brief. *Costello v. Grundon*, 651 F.3d 614, 635 (7th Cir. 2011) (holding that a district court improperly granted summary judgment based on an argument not made until the reply brief); *Edwards v. Honeywell, Inc.*, 960 F.2d 673 (7th Cir. 1992) (holding that a district court was precluded from granting summary judgment on grounds not raised in the motion for summary judgment). "The nonmovant is not required to present evidence on an issue not raised by the movant." *See, e.g.*, *Costello*, 651 F.3d at 635 (citing *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir. 2006) ("[I]f the moving party does not raise an

issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should not rely on that ground in its decision.")). However, if a nonmovant has had "meaningful opportunity to come forward with all of [his] evidence" on an issue, the court may rely on that ground in a summary judgment decision. *Sublett*, 463 F.3d at 736; *see also Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir. 2013) (finding that summary judgment was proper even though the defendants' original motion failed to recite the individual elements of the plaintiff's claims when the more general assertion that "there was a complete lack of proof concerning all of the essential elements" sufficiently gave the plaintiff notice of the scope of the defendant's motion). Furthermore, when a plaintiff's response indicates a clear understanding of the scope of the defendant's motion, the plaintiff is obligated to put forward evidence showing that a genuine issue of material fact exists. *Mowdrowski*, 712 F.3d at 1166. The Seventh Circuit has clearly stated that conclusory statements do not create a genuine issue of material fact. *See Sublett*, 463 F.3d at 731. When a non-movant has notice that an argument is being made and that he must present all of his evidence to the court, merely offering conclusory statements in a motion does not create a genuine issue of material fact and summary judgment is appropriate. *Id*.

Here, the Defendant's initial brief in its motion for summary judgment noted the Plaintiff's claim for unpaid overtime wages and cited to the statutory requirement under the FLSA that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." (Def.'s Mem. in Support 19–20, ECF No. 32 (quoting 29 U.S.C. § 207(a)(1)).) The Defendant also claimed that the Plaintiff was paid for all of the time he worked. This put the

5

Plaintiff on notice of the scope of the Defendant's motion; the Defendant's contention that the Plaintiff could not show any unpaid overtime wages for hours worked beyond the forty-hour workweek pursuant to the FLSA. The number of hours worked, and whether the Plaintiff had been paid for those hours, was clearly at issue. Furthermore, the Plaintiff had "meaningful opportunity to come forward with all of [his] evidence" on this issue. *Sublett*, 463 F.3d at 736.

In response to the Defendant's accusation that the Plaintiff's memory with respect to the hours he claimed was unreliable, the Plaintiff asserted that this was a credibility issue that should be decided at trial, not on summary judgment. (Pl.'s Mem. 7 n.2, ECF No. 38 (stating that he will not address "this premature argument").) The Plaintiff is correct that a trier of fact will judge credibility when two different versions of facts exist, but at the summary judgment stage a plaintiff has an obligation to put forth evidence showing that a genuine issue of material fact exists. The Court found it "worth noting that the Plaintiff appears to believe that it was unnecessary in response to the Defendant's request for summary judgment to provide the details and the evidentiary support regarding the hours he worked." (Opinion and Order 8, ECF No. 43.) The Plaintiff bears the burden of proving he performed overtime work, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), and he was required to put forth evidence at the summary judgment stage to at least show that a genuine issue of material fact exists. He did not do so.

The Plaintiff's *only* evidence concerning the hours he actually worked was his testimony that his supervisor told him to be at work before 8:00 AM so that the paperwork and equipment were ready for the crew to leave at 8:00 AM. The Plaintiff asserted he arrived 20 minutes early, which brought his total time to 39.2 hours. "In an action under the FLSA for overtime wages, the plaintiff must establish a *prima facie* case by showing that he or she worked in excess of forty

hours in a work-week." *Adkins v. Mid-Am. Growers, Inc.*, 831 F. Supp. 642, 644 (N.D. Ill. 1993) (citing 29 U.S.C. § 207)). The Plaintiff's evidence did not create a reasonable inference that he worked more than forty hours in a week.

The Defendant challenged the Plaintiff's unpaid overtime wages claim in its initial brief by quoting the statute, requiring more than forty hours, and claiming that the Plaintiff was paid for all the time he worked. Thus, the Plaintiff was given notice of the Defendant's contention that there were no claimed hours above a forty-hour workweek that the Plaintiff had not been compensated for. The number of hours the Plaintiff actually worked and was compensated for having been placed in issue by the Defendant's Motion for Summary Judgment, the burden was then on the Plaintiff to put forth evidence to show that a genuine issue of material fact existed as to whether there were claimed hours above a forty-hour workweek that were uncompensated. The Plaintiff did not meet this burden, entitling the Defendant to summary judgment on the Plaintiff's overtime claim. The Court did not improperly rely on an issue first raised by the Defendant in its reply brief, and, therefore, the Court finds that there was no manifest error of law or fact in the Court's Opinion and Order granting summary judgment to the Defendant on the Plaintiff's unpaid overtime wages claim.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Amend Findings and Motion to Correct Errors [ECF No. 45].

SO ORDERED on October 22, 2014.

       s/ Theresa L. Springmann
       THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT
       FORT WAYNE DIVISION